UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Raymond L. Semler, | Case No. 20-cv-1062 (WMW/LIB) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Nancy Johnston et al., | |
| Defendants. | |

---

This matter is before the Court on the November 9, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 25.) The R&R recommends granting Defendants' motion to dismiss. Plaintiff Raymond L. Semler filed objections to the R&R. For the reasons addressed below, Semler's objections are overruled, the R&R is adopted in full, and Semler's complaint is dismissed.

## BACKGROUND[1]

Semler, a civil detainee committed to the Minnesota Sex Offender Program (MSOP), commenced this action against Defendants Nancy Johnston (the executive director of MSOP), James Berg (the Deputy Director of MSOP), and Marshall Smith (the Health Systems Chief Executive Officer of Direct Care and Treatment for the Minnesota Department of Human Services) (collectively, Defendants) in their individual and official capacities for allegedly violating Semler's constitutional rights. Semler alleges that by

---

[1]     Because the R&R provides a detailed factual and procedural background, the Court summarizes the nature and procedural history of this litigation.

terminating MSOP's cable television contract, Defendants have infringed his rights protected by the First Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983, and Defendants have violated certain provisions of the Cable Communications Policy Act, 47 U.S.C. §§ 553, 605(a). Semler's complaint, construed liberally, also asserts a breach-of-contract claim and refers to several state laws.

Defendants moved to dismiss Semler's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. On November 9, 2020, the magistrate judge issued the pending R&R recommending that Defendants' motion to dismiss be granted. Specifically, the R&R recommends: (1) dismissing with prejudice Semler's Section 1983 claims seeking monetary damages against Defendants in their official capacities for lack of subject-matter jurisdiction because these claims are barred by sovereign immunity; (2) dismissing without prejudice Semler's remaining Section 1983 claims for lack of subject-matter jurisdiction because those claims are not predicated on the deprivation of a cognizable constitutional right; (3) dismissing without prejudice Semler's claims alleging violations of the the Cable Communications Policy Act, 47 U.S.C §§ 553, 605(a), for failure to state a claim on which relief can be granted; and (4) declining to exercise supplemental jurisdiction over Semler's state-law claims. Semler objects to the R&R's recommendations.

## ANALYSIS

**I.      Semler's Objections to the R&R**

A district court reviews *de novo* those portions of an R&R to which an objection is made and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P.

72(b)(3). As Semler is proceeding *pro se*, the Court liberally construes his complaint and objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court addresses each of Semler's objections in turn.

### A. Application of Legal Standards

Semler objects to the R&R's application of the legal standard. Semler argues that it is premature for the Court to dismiss this case because "[t]here have been no depositions taken, [and] no discoverable material that would have been submitted to substantiate Defendants' position." But Semler fails to apply the legal standard applicable to a motion to dismiss and the pleading standards established in *Iqbal* and *Twombly*. *See* Fed. R. Civ. P. 12(b); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007).

A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *See Iqbal*, 556 U.S. at 678. If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, the district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. And legal conclusions couched as factual allegations may be disregarded. *See Iqbal*, 556 U.S. at 679.

Semler correctly argues that his claims are not governed by Rule 9, Fed. R. Civ. P., which requires that certain types of claims be alleged with particularity. Semler also correctly contends that his pleadings must comply with Rule 8, Fed. R. Civ. P. Although the requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief . . . does not require detailed factual allegations," Rule 8 nonetheless "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (internal quotation marks omitted).

The R&R recommends dismissal because, even when all of the facts alleged in the complaint are accepted as true, Semler is not entitled to legal relief. Semler has failed to state a claim because there is no constitutional right to watch television and the facts alleged do not establish that Defendants violated the Cable Communications Policy Act. Development of the record is unnecessary when every allegation in the complaint, if taken as true, fails to state a claim on which relief can be granted. *See id.* at 686. Accordingly, the Court overrules Semler's objections to the R&R's application of the governing legal standards.

### B. Claims for Monetary Damages

Semler objects to the R&R's recommendation to dismiss his claims for monetary damages because, Semler asserts, his complaint does not seek monetary damages against defendants in their official capacities.

Semler's complaint is ambiguous as to whether he seeks monetary damages against Defendants in their official capacities. The "Introduction" section of Semler's complaint asserts that "Plaintiff seeks monetary and compensatory damages against Defendants . . .

4

in their individual capacities only." But the "Relief" section of the complaint, in which Semler seeks damages against Defendants pursuant to the civil-damages provision of the Cable Communications Policy Act, fails to articulate whether the damages sought are also limited to Defendants' individual capacities. *See* 47 U.S.C. § 553(c)(3). In light of this ambiguity, the R&R correctly concludes that Semler cannot recover monetary damages against Defendants in their official capacities because the Eleventh Amendment to the United States Constitution bars such relief. U.S. Const. amend. XI; *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In his objection, Semler concedes that the law precludes an award of damages against Defendants in their official capacities. Accordingly, the Court overrules Semler's objection to this aspect of the R&R.

      C.     **Section 1983 Claims**

Semler objects to the R&R's recommendation to dismiss his Section 1983 claims based on Defendants' alleged violation of his constitutional right to watch television. "[T]elevision viewing is protected free speech," Semler argues, citing *Ivey v. Johnston*, No. 18-cv-1429 (PAM/DTS), 2019 WL 3334346 (D. Minn. July 24, 2019), *report and recommendation adopted,* 2019 WL 3987583 (D. Minn. Aug. 23, 2019).

Semler misstates the law. The district court in *Ivey* held that the *content* of television programming is protected speech under the First Amendment. *See Ivey*, 2019 WL 3334346, at *7. As such, government actions that impose content-based restrictions that unduly burden or prohibit television programming *may* be unconstitutional. *See id.* ("Although there has been little reason outside the prisoner civil rights context for courts to consider a 'right to view television,' the law is established that the content of television

programming is, in fact, speech."). *Ivey* did not hold that civil detainees have a constitutional right to watch television. Rather, *Ivey* held that the plaintiff's allegations that the MSOP selectively blocked certain channels based on the content of the programs that are broadcast are sufficient to survive a motion to dismiss. *Id.* at *6–*7.

Semler's complaint alleges that he has a constitutional right to watch television. Semler's claim is distinguishable from the claim in *Ivey*, which alleged content-based censorship by a government agency. The R&R correctly concludes that there is no constitutional right to watch television. *See Jannetta v. Minn. Dep't of Human Servs.*, No. 19-CV-2622 (ECT/TNL), 2020 WL 3405430, at *8 (D. Minn. June 1, 2020) ("But there is no reason to believe that the First Amendment requires subsidization of cable television either by MSOP itself or by MSOP clients who might be unwilling to pay for the service."), *report and recommendation adopted,* 2020 WL 3402418 (D. Minn. June 19, 2020). Semler cites no legal authority to support his argument, nor has the Court's research found any. Accordingly, the Court overrules Semler's objection to this aspect of the R&R.

### D. Cable Communications Policy Act Claims

Semler objects to the R&R's recommendation to dismiss Semler's claims that Defendants violated the Cable Communications Policy Act, arguing that the R&R errs by allowing "MSOP to sell cable without a license." Semler's complaint acknowledges that Defendants entered a contract to buy cable television services and, pursuant to the terms of the contract, Defendants were permitted to provide those services to civil detainees like Semler. Semler fails to plausibly allege that Defendants received cable television services in an *unauthorized* manner. Nor has Semler established that terminating a cable television

services contract is actionable under the Cable Communications Policy Act. *See* 47 U.S.C. §§ 553, 605(a). When drawing all inferences in the complaint in favor of Semler, Semler fails to state a plausible claim for relief under the Cable Communications Policy Act. For this reason, the Court overrules Semler's objection.

### E. State-Law Claims

The R&R recommends that this Court decline to exercise supplemental jurisdiction over Semler's state-law claims. In response to this recommendation, Semler advances contradicting positions: his objection both states that he is alleging a breach-of-contract claim (a state-law claim) and denies the existence of any state-law claims in his complaint. Semler's complaint can be reasonably construed to allege a claim for breach of contract. Such a claim arises under Minnesota law. And Semler's complaint also references, in passing, other Minnesota state laws. Accordingly, the Court adopts the R&R's recommendation to decline to exercise jurisdiction over these claims.[2]

## II. Clear Error Review

The Court reviews the remainder of the R&R, to which no party specifically objects, for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record

---

[2] On March 3, 2021, Semler filed a letter requesting that the Court consider the impact of the recent decision in *Karsjens v. Lourey*, No. 18-3343, 2021 WL 709565 (8th Cir. Feb. 24, 2021). The Court has reviewed *Karsjens*, and the decision in that case does not impact the analysis in this Order. Unlike the claims at issue in *Karsjens*, Semler's claims pertaining to his access to cable television do not purport to allege punitive conditions of confinement in violation of the Fourteenth Amendment.

in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error and, therefore, adopts the R&R.

### III. Motion for Leave to Amend the Complaint

In light of the R&R recommending dismissal, Semler moves for leave to amend the complaint. Defendants contend that Semler's motion for leave to amend the complaint should be denied because it is procedurally improper and justice does not require an amendment under these circumstances.

Federal Rule of Civil Procedure 15 provides, in pertinent part, that a district court should freely grant a plaintiff leave to amend a complaint when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, the right to amend a complaint is not "absolute or automatic." *See U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). A district court has "broad discretion" when deciding whether to grant leave to amend and may deny a motion to amend the complaint when an amendment would be futile. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007). Futility means that the amended complaint could not withstand a motion to dismiss. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). In addition, when the plaintiff has not submitted a proposed amended complaint, granting leave to amend "is inappropriate." *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *accord* LR 15.1(b) (providing that a motion to amend a pleading must be accompanied by both "a copy of the proposed amended pleading" *and* a redlined draft that shows "how the proposed amended pleading differs from the operative pleading").

Semler's motion does not include a proposed amended complaint as required and, even when construed liberally, the motion fails to clearly identify what amendments Semler

8

intends to make to the original complaint. According to Semler, the amended complaint will not add new issues or claims. Semler contends that he intends only to clarify the claims and factual allegations in the complaint, but he does not describe with any detail what those clarifications would be. No amount of additional clarity will save this complaint from futility, however. There is no constitutional or statutory right to watch television. Moreover, the complaint alleges that even though MSOP cancelled its cable television contract, free antenna television is available to the MSOP client population. Without adding any new issues or claims, there is no way for Semler to amend his complaint in a manner that avoids futility. *See Zutz*, 601 F.3d at 850. Accordingly, Semler's motion for leave to amend the complaint is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The objections to the R&R filed by Plaintiff Raymond L. Semler, (Dkt. 26), are **OVERRULED**.

2. The November 9, 2020 R&R, (Dkt. 25), is **ADOPTED**.

3. Defendants motion to dismiss, (Dkt. 11), is **GRANTED** as follows:

    a. Semler's claims against Defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction;

    b. Semler's claims against Defendants pursuant to the Cable Communications Policy Act, 47 U.S.C. §§ 553, 605, are **DISMISSED**

9

> **WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted; and
>
> c. The Court declines to exercise supplemental jurisdiction over any state-law claims.

4. Semler's motion for leave to amend the complaint, (Dkt. 27), is **DENIED**.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: March 12, 2021

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge